UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARTIN PINEIRO,

                    Plaintiff,

                Index No.:

             -against-

                Verified Complaint

Professional Orthopedic and Sports Physical
Therapy, Pro-Fit Orthopedic and Sports Physical
Therapy and George Papadolpoulos, as President  and
Shareholder,

                    Defendants.

------------------------------------------------------------------X

        PLAINTIFF, Martin Pineiro, by and through his attorneys, the Law Offices of Gregory S. Lisi, hereby propounds the following complaint:

### Introduction

1.     This action is to recover unpaid wages, and commissions due and owing to plaintiff pursuant to the Fair Labor Standards Act, (FLSA) of 1938, as amended, 29 U.S.C. § 201 *et seq*., and New York State Labor Law, § 198 *et seq*., (2004).

2.     Jurisdiction is conferred upon this Court by original jurisdiction to adjudicate claims relating, the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq*., and New York State Labor Law § 198 *et seq*.

3.     Defendant, Professional Orthopedic and Sports Physical Therapy, is a covered employer within the meaning of the Fair Labor Standards Act (FLSA) of 1938, as amended, 29 U.S.C. § 201 *et seq*., and New York State Labor Law, § 198 *et seq*.,

(2004).

4.    Defendant, Pro-Fit Orthopedic and Sports Physical Therapy is a covered employer within the meaning of the Fair Labor Standards Act (FLSA) of 1938, as amended, 29 U.S.C. § 201 *et seq*., and New York State Labor Law, § 198 *et seq*., (2004).

5.    Defendant, George Papadopoulos is the President and controlling shareholder of Professional Orthopedic and Sports Physical Therapy, Pro-Fit Orthopedic and Sports Physical Therapy,   covered employers within the meaning of the Fair Labor Standards Act (FLSA) of 1938, as amended, 29 U.S.C. § 201 *et seq*., and New York State Labor Law, § 198 *et seq*., (2004).

6.    Defendant has its principal place of business at Grand Central Division, New York, NY 10170 and has various offices in the New York City Metro Area.

## Venue

7.    The unlawful actions of the defendant occurred within the City of New York, in New York County,  within the jurisdiction of Southern District of New York.

8.    Plaintiff, Martin Pineiro is a resident of the county of Queens, State of New York.

9.    Defendants Professional Orthopedic and Sports Physical Therapy, Pro-Fit Orthopedic and Sports Physical Therapy are domestic corporations doing business in the State of New York by virtue of the Laws of the State of New York with offices in Manhattan and Queens.

10.    Defendant, George Papadopolous is upon information and belief, the President and Controlling shareholder of both Professional Orthopedic and Sports Physical Therapy, Pro-Fit Orthopedic and Sports Physical Therapy, and conducts business in

2

the New York Counties, and the County of Nassau, State of New York, within the

jurisdiction of this Court.

**<u>Facts of the Case</u>**

11.    Plaintiff, Martin Pineiro worked for defendants from August 1999 through April 16,

2004.

12.    Plaintiff was employed as a physical therapy assistant with physical therapy patients

under the direct supervision and control of the physical therapists.

13.    Plaintiff was hired by defendant in August of 1999, at that time, plaintiff's base rate

of pay was $14.42 per hour.

14.    In January of 2000, plaintiff base rate of pay was $14.90 per hour.

15.    In January of 2001, plaintiff's base rate of pay was $16.11 per hour.

16.    In January of 2002, plaintiff's base rate of pay was $17.31 per hour.

17.    In January of 2003, plaintiff's base rate  of pay was $18.50 per hour.

18.    In 2004, Plaintiff base rate of pay was $20.19 per hour.

19.    Plaintiff was paid by the hour based upon the respective hourly rates.

20.    Plaintiff was not a salary employee.

21.    Plaintiff's paycheck fluctuated with the amount of hours he worked.

22.    Plaintiff worked an average of 48 hours a week, never being paid overtime pay for

the hours in excess of 40 hours per week**.**

23.    This wilful practice of not being paid overtime existed for over four years.

**First Cause of Action**

24.     Plaintiff re-pleads and re-alleges paragraphs 1-23 as if set forth herein.

25.     Defendants by failing to pay plaintiff his hours worked in excess of 40 hours per week at an overtime rate is in violation of the Fair Labor Standards Act,  29 U.S.C. § 207  which requires all hours worked above 40 to be paid at a rate of regular time plus a half of regular time per hour.

26.     Plaintiff is injured by defendants violations and is owed back wages for the period of August of 1999 to April 16, 2004.

27.     Defendants owe plaintiff back overtime wages in an amount to be determined by this Court after completion of discovery. Upon information and belief, plaintiff regularly worked 48 hours per week, said overtime wages owed is in excess of $15,000.00.

28.     Plaintiff is entitled to liquidated damages in an equal amount to that of back wages owed pursuant to Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 *et seq*.

29.     Plaintiff is owed by Defendants back pay representing his overtime wages unpaid, attorneys fees, and  as liquidated damages pursuant to 29 U.S.C. § 201 *et seq*., for their unlawful violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

**Second Cause of Action**

30.     Plaintiff re-alleges and repleads paragraphs 1-29 as if set forth herein.

31.     Pursuant to New York State Labor Law § 190 et seq., it is unlawful for an employer to not pay its employees for work in excess of forty hours per week at an overtime

rate.

32.    Defendants are not exempt from this overtime requirement and violated New York State Labor Law § 190 et seq., by failing to pay plaintiff overtime rates of pay for the period beginning in August 1999 through  April 16, 2004.

33.    Defendants have injured plaintiff by not paying overtime for hours worked in excess of forty hours per week. The amount owed is to be determined by the Court after completion of discovery and review of plaintiffs time cards and pay stubs. Upon information and belief, plaintiff worked eight overtime hours each week since August of 1999 through April 16, 2004. The amount owed is believed to exceed $15,000.00.

34.    Defendants by failing to pay these overtime rates is subject to the liquidated damage provisions of New York State Labor Law which allow damages up to 25 % of the labor violation plus attorneys fees.

35.    Plaintiff injured by defendants wilful failure to abide by Federal and State Labor Laws requiring overtime hours to be paid at overtime rates. Plaintiff is owed all back overtime wages, interest on such wages, liquidated damages and attorneys fees for being forced to bring this action to recover unpaid wages.

**WHEREFORE,** Plaintiff respectfully requests this Court to Order:

a)    defendants to pay plaintiff his overtime wages owed plus interest since their accrual date in an amount to be determined by the Court, for defendants' violation of the New York State Labor Law  § 198 et seq.

b)    defendants to pay liquidated damages for their wilful failure to pay wages to plaintiff in an amount of 25% of the overtime amount owed to plaintiff pursuant to New York

State Labor Law, § 198(1-a).

c)      defendants to pay plaintiff his overtime wages owed plus interest since their accrual

        date in an amount to be determined by the Court, for defendants violation of the Fair

        Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 *et seq*.,

d)      defendants to pay liquidated damages to plaintiff in an amount equal to that of unpaid

        overtime for defendants' unlawful failure to pay overtime wages to plaintiff, pursuant

        to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 *et seq*.

e)      defendants to pay plaintiff's attorneys fees incurred as a result of being forced to

        bring this action to recover unpaid wages and commissions in violation of New York

        State Labor Law, § 190 *et seq*., (McKinney 2003);

f)      defendants to pay plaintiff's attorneys fees incurred as a result of being forced to

        bring this action to recover unpaid wages and commissions in violation of 29 U.S.C.

        § 201 *et seq*.

g)      grant whatever further relief this Court deems just and proper.

Dated:      April 18, 2005
            Rockville Centre, NY

                                    Yours, etc.,


                                    _____
                                    Gregory S. Lisi, Esq.( GSL6083)
                                    **Law Offices of Gregory S. Lisi**
                                    55 Front Street, Suite 7
                                    Rockville Centre, NY 11570
                                    (516)678-7100
                                    *Attorneys for Plaintiff*

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**MARTIN PINEIRO,**

                    **Plaintiff,**

                                                              **Index No.:**

                    **-against-**

                                                              **Verification**

**Professional Orthopedic and Sports Physical**
**Therapy, Pro-Fit Orthopedic and Sports Physical**
**Therapy and George Papadolpoulos, as President  and**
**Shareholder,**

                    **Defendants.**

-------------------------------------------------------------------X

State of New York      )
                       ) ss.:
County of Nassau       )

          Martin Pineiro, being duly sworn deposes and says:

          I am the Plaintiff in the above entitled action. I have read the foregoing verified complaint

and know the contents herein to be true. Upon those statements stated upon information and belief,

I believe those statements to be true.

                                        --------------------------------
                                        Martin Pineiro

Sworn to before me this ___
day of April, 2005

_____
Notary Public

7